# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                                  Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |
| FOREMAN ELECTRIC, INC.<br><br>                                  *Plaintiff*,<br><br>v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, COBRA ACQUISITIONS LLC, CENTRAL OFFICE FOR RECOVERY, RECONSTRUCTION AHSHA TRIBBLE and KEITH ELLISON<br><br>                                  *Defendants*. | Adv. Proc. No.:<br><br>No. 24-00075-LTS |

### JOINDER OF THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY ON BEHALF OF DEFENDANT THE CENTRAL OFFICE FOR RECOVERY, RECONSTRUCTION, AND RESILIENCY TO DEFENDANT PUERTO RICO ELECTRIC POWER AUTHORITY'S MOTION TO DISMISS COUNTS I, II, AND XIII OF THE COMPLAINT

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the entity authorized to act on behalf of Defendant the Central Office for Recovery, Reconstruction, and Resiliency of the Government of Puerto Rico ("COR3")[1] pursuant to the authority granted to it

---

[1] COR3 was established by executive order as a division with Public Private Partnerships Authority on October 23, 2017 by Ricardo A. Rosselló Nevares, the Governor of Puerto Rico. *See* OE-2017-065, *Executive Order of the Governor of Puerto Rico, Hon. Ricardo A. Rosselló Nevares, to Create the Central Recovery and Reconstruction Office Of Puerto Rico*, available at https://docs.pr.gov/files/Estado/OrdenesEjecutivas/2017/OE-2017-065%20Eng.pdf (last visited on December 17, 2024). The purpose of COR3 is "(a) identifying, procuring and administering all state, federal and/or private resources available to the Government of Puerto Rico or any

under Act 2-2017 (the "AAFAF Enabling Act"), hereby submits this joinder to the *Puerto Rico Electric Power Authority's Memorandum of Law in Support of the Motion to Dismiss the Adversary Proceeding* [ECF No. 15] ("Memorandum"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Puerto Rico Electric Power Authority ("PREPA"), with respect to Counts I, II, and XIII of the Complaint.[2] For the reasons articulated by the Oversight Board and those set out below, AAFAF respectfully requests these Counts be dismissed, with prejudice, against COR3.

## PRELIMINARY STATEMENT

There are myriad ways to approach Plaintiff's Complaint against COR3 - yet each leads to the same unavoidable result: the Complaint must be dismissed with prejudice. While the Complaint lacks meaningful detail—including basic facts about COR3—and meanders back and forth between incoherence and inconsistency, one thing is immediately obvious: the Complaint is time barred and fails to state a claim because it relies on allegations dating back to 2019, when the applicable limitations period under applicable law ran out by 2023. That alone mandates dismissal.

A multitude of other reasons compel the same conclusion. For example, the Complaint asserts an unjust enrichment claim against COR3, but does not contain a single fact alleging COR3 (or PREPA for that matter) were even enriched, much less unjustly enriched. This pleading failure dooms the Complaint. Of course, the absence of an allegation of enrichment

---

Governmental Entity to invest in the Recovery; (b) coordinating and channeling all the efforts and activities of the Government of Puerto Rico and its Governmental Entities related to the Recovery; (c) financing, executing, or effecting works and infrastructure projects related to Recovery; and (d) advising the Governor of Puerto Rico and providing technical assistance and advice to other Governmental Entities regarding any matter related to Recovery." *Id.* at 5. COR3 operates as "the exclusive grantee, administrator, or other analogous designation, of all federal funds program available to address the Recovery, including, without limitation, the programs commonly known as FEMA . . . ." *Id.* at 7.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Oversight Board's Memorandum.

2

makes sense: COR3's statutory role is to assist in dispensing federal disaster relief, not to keep it for itself. And, while Plaintiff's Complaint lacks and confuses basic fundamental facts about COR3, its operations, and even its government officials, Plaintiff actually acknowledges that COR3 could not have been enriched, by alleging that COR3 assisted in the processing of work orders that led to an award of a contract for another party (one of Plaintiff's alleged competitors). This, too, is fatal to Plaintiff's unjust enrichment claim.

Plaintiff's RICO[3] claims are just as untenable. The Oversight Board explains the fundamental failures in Plaintiff's overarching RICO theory; AAFAF joins those arguments in full. Specifically as to COR3, AAFAF underscores that the RICO claims are outrageous and frivolous. They do not contain a single factual allegation that comes close to carrying Plaintiff's burden under Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. Even in the realm of go-for-broke litigation, Plaintiff cannot throw such serious claims around without support against a governmental entity which has played a crucial role in Puerto Rico's efforts to rebuild in the wake of devastating natural disasters.

## ARGUMENT

I. **COUNT XIII SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM.**

   A. **The unjust enrichment claim is time-barred.**

1. As explained below, Count XIII does not adequately allege unjust enrichment against COR3 (or PREPA). But even if it did, the face of the Complaint demonstrates that Count XIII is time-barred, and must be dismissed, because Plaintiff admits it knew of the facts purportedly giving rise to its unjust enrichment claim at least five years before it filed its Complaint. *See, e.g.,* Compl. ¶¶ 95–132 (discussing the September 10, 2019 indictment for a

---

[3] "RICO" refers to the Racketeer Influenced and Corrupt Organizations Act, codified at as 18 U.S.C. §§ 1961, *et seq*.

"conspiratorial scheme" filed five years prior to the Complaint.); *see also* ECF No. 10 (Cobra Motion to Dismiss) (noting the same). In addition to its knowledge of the September 10, 2019 indictment discussed throughout the Complaint, Plaintiff admits it had notice of its alleged injury as early as February of 2019, which makes its claim untimely. Compl. ¶ 162 (stating "Foreman received word through a third party that COR3 would not be submitting their project worksheet to FEMA" when Foreman allegedly was told by PREPA the worksheets were being submitted in February of 2019). Puerto Rico's Civil Code "establishes a one-year statute of limitations for tort-based actions, as well [as] unjust enrichment, fraud, and other non-contractual claims." *TBB Intl. Bank Corp. v. Oliveros-Febres Cordero,* 2024 WL 3924670 at *6 (D.P.R. 2024); *see also Bernabe-Acuna v. HDR Architecture, Inc.,* 3:12CV01340 (dismissing a plaintiff's unjust enrichment claim as untimely because not filed within one year of injury). The limitations period starts running when the plaintiff "has notice of the injury," and "from the moment the damage is known." *Cooperative de Ahorro y Crédito Abraham Rosa v. Commonwealth (In re Fin. Oversight and Mgt. Bd. for Puerto Rico),* 578 F. Supp. 3d 267, 291 (D.P.R. 2021) (internal citations omitted). From Plaintiff's own allegations, it had notice of injury and damages in 2019. *See* Compl. ¶¶ 95–132, 162. As such, the unjust enrichment claim must be dismissed with prejudice because it was not filed within the applicable one-year limitations period.

> **B.     Even if Count XIII were not time-barred, it fails to state any form of enrichment on the part of COR3 and PREPA.**

2.      Unjust enrichment under Puerto Rico law requires "1) existence of enrichment; 2) a correlative loss; 3) nexus between loss and enrichment; 4) lack of cause for enrichment; and 5) absence of a legal precept excluding application of enrichment without cause." *In re Fin. Oversight,* 578 F. Supp. 3d at 296 (internal citations omitted). These elements make clear that a

4

defendant's enrichment is an indispensable predicate to an unjust enrichment claim. The Complaint lacks any claim COR3 or PREPA were actually enriched, therefore must be dismissed.

3. The entirety of the factual allegations against COR3 and PREPA are that they awarded work that supposedly should have been awarded to Plaintiff, to third parties. *See* Compl. ¶¶ 2, 160 (alleging defendants "conspired to award . . . contracts to only one vendor," and that "COR3 favored providing work to Cobra."). The Complaint lacks any allegations that PREPA or COR3 retained any funds that purportedly should have gone to Plaintiff; to the contrary, the Complaint effectively admits COR3 and PREPA did not receive any property or benefits—or enrichment—from anyone.

4. Notwithstanding the lack of a single factual allegation that PREPA and COR3 were actually enriched (much less, unjustly), Plaintiff pleads that "[i]t is inequitable and unjust for Defendants to have received, been enriched by, and retained without payment of value, such benefits from the Debtor" and that "[d]efendants benefitted by receiving property from the Debtor to which they were not entitled." *Id.* at ¶¶ 206, 208.[4] But this rote incantation of the elements of an unjust enrichment claim cannot remedy the fact that the Complaint does not assert any facts showing that PREPA and COR3 were enriched, or that COR3 actually "benefitted by receiving property from the Debtor." Therefore Count XIII should be dismissed for failure to state a claim on which relief can be granted. *See* Compl. ¶¶ 205–10.

**C. Plaintiff's unjust enrichment claim must be dismissed because it also asserted RICO claims.**

5. Count XIII must also be dismissed because under Puerto Rico law, unjust enrichment claims cannot survive at the pleading stage if they are brought in tandem with

---

[4] This claim is also incoherent as to PREPA; PREPA is the debtor in this case, it makes no sense to speak of PREPA of improperly receiving property from itself.

5

alternative theories of relief. *See Kelley v. Mammoth Energy Services,* 2022 WL 22257070 at *13 (D.P.R. 2022) (noting unjust enrichment claims fail even at the pleading stage if alternative forms of redress are pled). Here, Plaintiff asserts that the same facts giving rise to its purported unjust enrichment claim are also actionable under the federal RICO statute. As explained below, the RICO claim against COR3 and PREPA fails. But just the overlapping allegations are sufficient to doom the unjust enrichment claim, "even if plaintiffs have failed to sufficiently allege that claim or if the claim is time-barred, it is inappropriate to allow a claim for unjust enrichment." *See In re Fin. Oversight,* 578 F. Supp. 3d at 296 ); *see also Rivera-Muñiz v. Horizon Lines Inc.,* 737 F. Supp. 2d 57, 65 (D.P.R. 2010) (a claim "for unjust enrichment [is] subsidiary to other remedies provided by law and is unavailable if the plaintiff may seek other forms of relief."); *Kelley v. Mammoth,* 2022 WL 22257070 at *14 (dismissing unjust enrichment claim pled alongside RICO claim); *In re Lupron Mktg. & Sales Pracs. Litig.,* 295 F. Supp. 2d 148, 182 (D. Mass. 2003) (holding a claim of unjust enrichment is unavailable when plaintiffs have a remedy under RICO claims). Accordingly, the unjust enrichment claim must be dismissed.

**II.     COUNTS I AND II SHOULD BE DISMISSED FOR FAILING TO MEET RULE 9(B) STANDARDS OF SPECIFICITY AND FAILING TO STATE A CLAIM UNDER 12(B)(6).**

6.      Counts I and II are just as flawed as Count XIII, and should be dismissed for the independent reason that the Complaint fails to state a claim for relief against COR3. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007)). "Even so, the tenet that a court must accept as true all of the allegations contained in a complaint is 'inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Borras-Borrero v. Corporacion del*

6

*Fondo del Seguro del Estado,* 958 F.3d 26, 33 (1st Cir. 2020) (*citing Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 555).

7. Critical to a RICO claim is a predicate act such as wire fraud or mail fraud, which Plaintiff asserts without any specificity in Counts I and II. *See* Compl. ¶¶ 167–99. But, Plaintiff fails to comply with Rule 9's requirement that such allegations must "be stated with particularity." Fed. R. Civ. P. 9(b); *see also Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorrique%25na, Inc.,* 118 F. Supp. 3d 447, 456–58 (D.P.R. 2015) (stating "RICO claims that plead predicate acts of mail and wire fraud must comply with the heightened pleading standard . . . in [Rule 9(b)]."). Courts have held "this requires 'specification of the time, place, and content of an alleged false representation,'" or by other means that "'inject precision or some measure of substantiation.'" *Marrero-Rolon v. Autoridad de Energia Electrica de Puerto Rico,* 2015 WL 5719801 at *13 (D.P.R. 2015) (internal citations omitted); *see also Cruz v. Caribbean University, Inc.,* 698 F. Supp. 2d 254, 258 (D.P.R. 2009) (noting RICO complaints require more specific pleading and must "state the time, place and content" of the alleged fraud).

8. In *Marrero-Rolon*, the court dismissed claims against three parties because the Plaintiff failed to provide specific examples of the parties' participation in the alleged racketeering activity. *Id.* at 14–15. Here, the Plaintiff fails to provide any specific details how COR3 controlled the actions of FEMA and other named parties or that they had any knowledge of these alleged fraudulent activities.

9. COR3's responsibility is to facilitate the movement of federal funds through the submission of Project Worksheets ("PWs"). *See* Compl. ¶ 154. Far from alleging sufficient factual matter to state a plausible claim against COR3, Plaintiff alleges in Paragraph 158 that COR3's "power to submit PWs means that power to assign work." *Id.* at ¶ 158. Plaintiff suggests "COR3

7

failed to submit Foreman's PW's to FEMA . . . due to the fact that COR3 favored providing work to Cobra" and that "FEMA . . . was willing to overlook errors in order to favor Cobra." *Id.* at ¶¶ 94, 159–60. Plaintiff does not allege how a purported omission—not submitting a work sheet—constitutes a predicate act of racketeering. Nor does Plaintiff allege any facts that support its cursory allegations that COR3 favored providing work to Cobra.

10. Plaintiff's other allegations against COR3 fare no better. In paragraph 68, Plaintiff states "Plaintiff would come to learn that the PW for Foreman was intentionally not provided to FEMA," yet provides no specific details of the time, place and manner of the purported facts supporting this allegation or any factual basis to support an allegation of intention.[5] And, again, even assuming these bare-bones allegations bore any weight, they still do not allege underlying predicate conduct covered by RICO. Accordingly, Counts I and II must be dismissed for failure to state a claim upon which relief can be granted.[6]

## CONCLUSION

For the reasons set forth in this Joinder and the reasons set forth in the Oversight Board's Memorandum, AAFAF respectfully requests that the Court dismiss Counts I, II, and XIII of the Complaint with prejudice against COR3.

[*Remainder of page intentionally left blank.*]

---

[5] *See P.R. Med. Emergency Grp., Inc.,* 118 F. Supp. 3d at 457 (dismissing a RICO complaint that alleged a years-long scheme, but provided no specific examples of who was involved or samples of purported misrepresentations).
[6] Additionally, case law supports a finding that COR3 is an arm of the state and subject to sovereign immunity such that it cannot be liable under RICO. The Government relies on COR3 to fulfill its duties, and COR3 is intertwined with many government entities including P3 and AAFAF. *See Irizarry-Mora v UPR*, 647 F.3d 9, 14–15 (1st Cir. 2011) (finding the University of Puerto Rico was an arm of the state and entitled to Eleventh Amendment immunity because of its important public role, the Governments reliance on the University, and "structural signals" the two were intertwined.); *cf. Pastrana-Torres v Corporación de Puerto Rico para la Difusión Pública,* 460 F. 3d 124, 126 (1st Cir. 2006) (holding a public radio station was not an arm of the state because it had "a significant degree of autonomy from the Puerto Rico government" and the enabling act of the radio station described it as "independent and separate from any other entity, agency, department or instrumentality of the Government of Puerto Rico.").

Dated: December 18, 2024
San Juan, Puerto Rico

**O'MELVENY & MYERS LLP**

*/s/ Peter Friedman*
John J. Rapisardi
Maria J. DiConza
(Admitted *Pro Hac Vice*)
Gabriel L. Olivera
USDC No. 303314
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
       mdiconza@omm.com
       golivera@omm.com

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, on behalf of the Central Office for Recovery, Reconstruction, and Resiliency*

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC-PR No. 222301
Carolina Velaz-Rivero
USDC-PR No. 300913
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, on behalf of the Central Office for Recovery, Reconstruction, and Resiliency*